BUTLER, next friend, *vs.* RALSTON *et al.*

Under the facts set out in this bill, there was no ground for equitable relief, and the chancellor did not err in dismissing the suit.

(*a.*) A devise to the daughters of a testator of property to be settled upon them before the consummation of any marriage, "so that the same may be enjoyed by them and their children after them;" there being no children *in esse*, would create an estate tail, and therefore in Georgia a fee simple title would vest in the first taker.

December 30, 1882.

Equity.   Wills.   Estates.   Before Judge SIMMONS. Bibb County.   At Chambers, July 17, 1882.

Mary Franklin Butler, by next friend, filed her bill against James A. Ralston and his wife, Ida Ralston, J. M. Johnson and John C. Butler, administrator *de bonis non* of Marcus A. Franklin, alleging in brief, as follows: Marcus A. Franklin died testate in April, 1858, leaving a large estate of both real and personal property; also a wife and three children, one of age and two minors. By the will, the wife was named as executrix, and in the event of her death the eldest daughter was named as executrix. The wife qualified in May, 1858, and proceeded to administer the estate under the will. The eldest daughter died on March 2, 1862, and the wife died on October 11, 1862, leaving the administration unfinished. The next daughter became of age on July 31, 1862, and was appointed soon after the death of the wife administratrix *de bonis non* with the will annexed, without previous legal notice or advertisement. The largest and most valuable portion of this estate was the homestead in the city of Macon. Immediately upon her appointment, the last administratrix petitioned for leave to sell the real property of the

estate, especially the homestead and grounds, alleging that they were idle.and unproductive, and that a sale was necessary for division between herself and younger brother. The petition was granted without legal notice or advertisement. No other property was sold under this order. The homestead, after illegal and insufficient advertisement, was, on April 7, 1863, exposed and knocked off to James A. Ralston, Sr., from whom respondent, James A. Ralston, inherited it; and, on July 30, 1881, he and his wife conveyed the property to J. M. Johnson, who took with full notice. On the day on which the property was sold at administratrix's sale, an order was taken before the judge of Bibb superior court to invest the proceeds of said sale in certain Confederate securities, the attorney of the administratrix being appointed guardian *ad litem* of her minor brother. On April 20, 1864, the administratrix intermarried with John C. Butler, and complainant, Mary Franklin Butler, the only issue of the marriage, was born April 30, 1868. Butler became administrator *de bonis non* of the estate of Marcus A. Franklin. The testator left the portion given his daughters to them for life with remainder to their children. The sale was consummated by a fraud upon the administratrix, who was young, inexperienced and entirely ignorant of the duties of her office, and in violation of the will of testator, which expressly forbade such sale. The property was really sold at private sale to Ralston by the attorney of the estate, without the consent of the administratrix, and the public sale was had to give color of law thereto, Ralston announcing such as the facts at the public sale. The last administratrix was never legally appointed, and the whole proceedings were fraudulent, illegal and void. The homestead grounds were worth one thousand dollars per year for rent, and J. M. Johnson has damaged the property in the sum of ten thousand dollars.

Upon becoming of age, Cleveland B., the son of testator, brought suit against Ralston to recover his share of

the property. This suit resulted in a compromise, by which Cleveland B. was paid $2,000 and conveyed all his interest in the property.

The bill prayed that John C. Butler give an account of his actions since and during his administratorship; that the sales to Ralston and Johnson be declared illegal, null and void, and the deeds be delivered up and cancelled; that Johnson be restrained from conveying the property; that Ralston and Johnson account for rents and profits during their respective tenancies; that Johnson account for waste and damage done by him; and for general relief.

Complainant amended her bill by alleging as follows: She was entitled to an interest in said homestead, but not being able to determine whether such interest was a present one or a remainder, prayed that the will be construed by the court, that her interest determined, and for general relief.

Defendants demurred to the bill on various grounds; the demurrer, on the ground that under the will complainant had no interest in the property, was sustained. Complainant excepted.

The material portions of the will are set out in the decision.

H. F. STROHECKER; G. T. & C. L. BARTLETT, for plaintiff in error.

JOHN P. FORT, for defendants.

JACKSON, Chief Justice.

This bill was dismissed on the ground that the complainant has no interest in the will of her grandfather. The sole question decided by the chancellor, sustaining the demurrer and dismissing the bill, is, has she an interest under that will?

The bill inquires into the validity of defendant's title, and, of course, if the complainant has no interest in the

will, on which all her rights depend, there is no equity in her complaint, and the consideration of the legality of defendant's title, through a sale by the administratrix *de bonis non* under that will, becomes wholly unnecessary.

The complainant is Mary Franklin Butler, the granddaughter of Dr. Marcus Franklin, and whether she be equitably interested in the will of her grandfather is the legal question we propose to consider and determine.

The complainant is the child of a daughter of Dr. Franklin, and the question of her interest is to be settled mainly by the construction of the sixth item of his will, which is in these words:

" The property herein bequeathed to my daughters is not to vest in their husbands on marriage, and I will and devise, that whatever my daughters may inherit from me be made over and settled upon them in legal form before the consummation of their marriage, so that the same may be enjoyed by them and their children after them."

The property which is the subject matter of this claim by the complainant is the family residence of Dr. Franklin in Macon, which, by the fourth item of the will, was given for life to his wife, and after her death to his children, with liberty to the wife to sell after certain conditions were complied with.

The fifth item directs that the daughters, on arriving at the age of twenty-one, or on their marriage, shall receive their share of his property.

The ninth item vests in the wife, as executrix, full power to sell and dispose of any part of his estate, accounting to the children for their shares of the proceeds, and to make partition between them.

The tenth item relieves her from all responsibility to courts in making returns, etc., and makes her equal share given by the third item her separate estate, should she marry again.

The eleventh item vests the *entire estate* in her in trust for herself and his children, with power to do all he could

do in making conveyances, delivering property, etc., to account to daughters on marriage or majority, and the son on majority, particular attention to be paid to his wishes about his daughters' shares prior to their marriage,

The twelfth item makes one of his daughters executrix should the mother die before the youngest child became of age, and gives her the same powers given the wife, and if the wife had not sold the family residence, this daughter is to keep it up without partition until the son, Cleveland, who is the youngest child, shall attain majority, then the children to consult as to partition, one or more of them to retain it as a homestead if they can agree; if not, being of full age, to do as they please about its partition.

We have thus synopsized the various items of this will in order to construe the sixth item in the light of any or all of them which may be shed upon it.

Construing it by itself, it would seem that the children— in the case here made, the daughter, Mrs. Butler—took an equitable estate tail, and by our statute a fee. Our statute, Code 2250, declares that "gifts or grants to one and the heirs of his body, or his heirs male or heirs female, or his heirs by a particular person, or *his children*, or his issue, convey an absolute fee." The same section declares that "estates tail are prohibited and abolished in this state."

What does the word "children," used in this item, mean in its legal sense? In 3rd Kelley, 563, it is said : "In the ordinary and proper sense of the word *children*, it means the immediate descendants of a person, as contradistinguished from issue, but in its legal signification, as applied to testamentary instruments (unless the manifest intention requires a different construction) it is extended to all the descendants, whether mediate or immediate of the ancestor." So on page 566, it is said : "It was so settled in Wild's case in 6 Coke's R., 17, and I believe has been so held ever since," (in the case of a devise where no children are in being when the will was made.) "And this

difference," says Lord Coke, "was resolved for good law, that if A devises his lands to B and his *children* or issues, and he hath no issue at the time of the devise, it is an estate tail."

That was Wild's case in 6th Coke R., 17, and it is this case; for the daughters of Dr. Franklin had none of them children at the date of this devise. The word "children," then, means here, issue, descendants of the body forever, and is an estate tail, and under our law a fee, unless the words "after them" take this case out of the rule, and make it an estate for life in the daughter and remainder to her children.

Do the words "after them" alter the sense? We hardly think so. The descendants come after them to the remotest generation. The issue of the body comes after them, and those words cannot limit the meaning in its legal sense of "children" as it would be construed by English courts.

Nor is there any other item of the will that would alter that sense. The entire scope and intent seem to have been to secure the property to the daughters and their children forever after them. The great purpose is to ignore the husbands, to settle it on the daughters, to be enjoyed by them and their children, or issue after them.

Nor do we think it can alter the nature of the estate, that the legal title was put in the executrix, and that title to go by settlement to another trustee to secure the property from the husbands before marriage with the daughters. The settlement must have followed the will, and if that was to perpetuate the estate in the children or issue of the daughters forever, it would be an estate tail in equity, and the fee in equity would be in the first taker.

But let all this be as it may, there has been practically a partition of this homestead by the children. But two were left to become of age—one, the youngest child, a

son; the other a daughter, the mother of complainant. The son has received his share of this property. He sued for it and recovered two thousand dollars as his part of this residence by compromise. The daughter sold it as administratrix *de bonis non* and received its whole value. As the son, when of age, settled his suit at what he thought equivalent to his part or partition of it, and the daughter sold it and got full value for it, and as both, under the will, had the right to do as they chose in respect to its partition, we think equity will hold them and those they represented concluded by this practical partition of this property. The complainant had no voice in the partition allowed by the will. Her mother could make it without regard to her wishes, and as she sold and conveyed the share coming to her and her children, at least, whether valid or not as to the son, and as he is settled with, we cannot see how equity will now open the whole administration and settlement at the instance of the grand daughter.

On the whole case, we are satisfied not to disturb the judgment dismissing the bill for want of equity, and it is accordingly affirmed.

Judgment affirmed.